IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **LENIN DIAZ,** *Plaintiff*, v. **PROGRESSIVE ADVANCED INSURANCE COMPANY,** *Defendant*. | Case No. 5:19-cv-06052-JDW |

# MEMORANDUM

In the summer of 2017, someone stole Plaintiff Lenin Diaz's 2012 Mercedes-Benz from its parking spot in the Bronx, New York. By the time Diaz retrieved his car, it had been stripped and destroyed and could no longer be driven. Diaz's car insurance policy provided for comprehensive coverage for the actual cash value of the car. Diaz submitted a claim for damages in the amount of $25,000 to his insurer, Defendant Progressive Advanced Insurance Company, and cooperated with Progressive over the course of its investigation into the claim. Despite the fact that Diaz provided truthful information and all requested documentation and information surrounding the loss, Progressive has refused to pay the claim. That denial has spurred Diaz's present lawsuit, in which he brings claims against Progressive for breach of contract and bad faith. Progressive has moved to dismiss Diaz's claims predicated on bad faith, and the Court will dismiss those claims for reasons that follow.

## I.     LEGAL STANDARD

A district court may dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Rather than require detailed pleadings, the "Rules demand only a short and plain statement of the claim showing that the pleader is entitled to relief[.]"

*Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* In determining whether a claim is plausible, the court must "draw on its judicial experience and common sense." *Id.* First, the court must identify the elements needed to set forth a particular claim. *Id.* at 787. Second, the court should identify conclusory allegations, such as legal conclusions, that are not entitled to the presumption of truth. *Id.* Third, with respect to well-pleaded factual allegations, the court should accept those allegations as true and "determine whether they plausibly give rise to an entitlement to relief." *Id.* The court must "construe those truths in the light most favorable to the plaintiff, and then draw all reasonable inferences from them." *Id.* at 790.

## II.    ANALYSIS

"To recover on a bad faith claim, a claimant is required to show by clear and convincing evidence that: (1) the defendant insurer did not have a reasonable basis for denying the policy benefits; and (2) that the insurer knew or recklessly disregarded its lack of reasonable basis when it denied the claim." *Elican v. Allstate Ins. Co.*, No. 17-cv-3105, 2017 WL 6525781, at *3 (E.D. Pa. Dec. 21, 2017) (citation omitted). Conclusory, boilerplate assertions are insufficient to state a claim for bad faith against an insurer. Indeed, "[c]ourts in this Circuit have routinely dismissed bad faith claims reciting only 'bare-bones' conclusory allegations unsupported by facts sufficient to raise the claims to a level of plausibility." *Elican v. Allstate Ins. Co.*, No. 17-cv-3105, 2017 WL 6525781, at *4 (E.D. Pa. Dec. 21, 2017) (collecting cases); *Jones v. Allstate Ins. Co.*, No. 17-cv-648, 2017 WL 2633472, at *2 (E.D. Pa. June 19, 2017) (same); *Camp v. New Jersey Manufacturers Ins. Co.*, No. 16-cv-1087, 2016 WL 3181743, at *4 (E.D. Pa. June 8, 2016).

With respect to his statutory bad faith claim, Diaz has done nothing more than set forth a threadbare recital of the elements of this cause of action, alleging that Progressive's denial of his claim "was unreasonable, baseless, without foundation, made in bad faith, and made without any basis in fact whatsoever." (ECF No. 1, Ex. A at ¶ 21.) In his Complaint, Diaz alleges that: i) he is insured by Progressive for comprehensive coverage; ii) his car was stolen, stripped, and destroyed; iii) he submitted a proof of loss and other documents to Progressive and gave "a long and time-consuming Statement Under Oath[;]" iv) he did not make any false statements, conceal or misrepresent any material facts, or engage in any fraudulent conduct over the course of the investigation; v) he made a demand for payment of the actual cash value of his car; and vi) Progressive denied his claim. Even if true, those facts are insufficient to state a bad faith claim because they do not permit the Court to make a plausible inference that Progressive lacked a reasonable basis for denying the policy benefits or that Progressive knew or recklessly disregarded its lack of a reasonable basis for denying benefits. *See Pasqualino v. State Farm Mut. Auto. Ins. Co.*, No. 15-cv-77, 2015 WL 3444288, at *5 (E.D. Pa. May 28, 2015). Thus, Diaz has failed to state a statutory bad faith claim.

Diaz's common law bad faith claim is also subject to dismissal because no such claim exists under Pennsylvania law. Indeed, "the Pennsylvania Supreme Court declined to create a common law cause of action for plaintiffs alleging that their insurance company refused to pay a claim in 'bad faith.'" *Dinner v. United Servs. Auto. Ass'n Cas. Ins. Co.*, 29 F. App'x 823, 826 (3d Cir. 2002) (citation omitted); *see also Keefe v. Prudential Prop. & Cas. Ins. Co.*, 203 F.3d 218, 224 (3d Cir. 2000) ("[T]here is no common law remedy for bad faith in the handling of insurance claims under Pennsylvania law[.]"). Moreover, Diaz failed to respond to this argument in his brief, and the Court therefore treats the argument as unopposed. *See Wen v. Willis*, 117 F. Supp.3d 673,

678 n.1 (E.D. Pa. 2015) (deeming defendants' argument unopposed where plaintiff failed to respond to argument in response to motion to dismiss). Thus, the Court will dismiss Diaz's purported common law bad faith claim as well.

## III. CONCLUSION

In light of the foregoing, the Court will grant Progressive's Motion to Dismiss Counts II and III of Diaz's Complaint. An appropriate Order follows.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
JOSHUA D. WOLSON, J.

Dated: February 21, 2020